### WOOD·*v.* McKINNEY *et al.*

DUCKWORTH, Chief Justice. The action is founded upon a restrictive clause in a contract of sale of a taxicab business, including the good

will, located in Crisp County, Georgia. By the terms of the clause the seller covenants that he will neither directly nor indirectly at any time engage in the same business within Crisp County. The seller has since that time engaged within the prohibited area in the taxicab business, and the grantee or assignee of the purchaser sought to enjoin him from doing so. The seller excepts to an interlocutory injunction restraining him from continuing in the operation of the taxicab business. *Held:*

The contract being reasonable as to area and supported by a valuable consideration is legal and enforceable. *Griffin* v. *Vandegriff,* 205 *Ga.* 288 (53 S. E. 2d, 345). Since the restriction is ancillary to the sale of a business, it is not required that it be limited as to time. *Swanson* v. *Kirby,* 98 *Ga.* 586 (26 S. E. 71); *Holtman* v. *Knowles,* 141 *Ga.* 613 (81 S. E. 852); *Legg* v. *Hood,* 154 *Ga.* 28 (113 S. E. 642); *Orkin Exterminating Co.* v. *Dewberry,* 204 *Ga.* 794 (51 S. E. 2d, 669). It follows that the court did not err in rendering the judgment complained of.         *Judgment affirmed. All the Justices concur.*

ON MOTION FOR REHEARING.

DUCKWORTH, Chief Justice. In the bill of exceptions error is assigned upon the ruling of the trial judge in disallowing portions of the defendant's plea, in which it was sought to make a new party plaintiff and to reform the contract on the ground of mutual mistake. This assignment of error was not argued by counsel for the plaintiff in error, and being abandoned, this court made no ruling thereon. The motion for rehearing for the first time argues in support of that assignment of error. Under repeated rulings of this court, the assignment of error having been abandoned, no ruling will be made thereon. All other questions of the sufficiency of the evidence to support the interlocutory injunction and the admissibility of evidence are without merit and are controlled adversely to the movant by the ruling made in the original opinion. Therefore the motion for rehearing is denied.

*Motion for rehearing denied. All the Justices concur.*

No. 16616. MAY 9, 1949. REHEARING DENIED JUNE 15, 1949.

*H. Grady Rawls* and *Benjamin Zeesman,* for plaintiff in error.
*J. W. Dennard* and *Wright & Reddick,* contra.